MELVILLE KELSEY, RESPONDENT, v. ROBERT C. DARROW, APPELLANT.

*Arbitration—failure of the arbitrator to be sworn—what a waiver of.*

APPEAL from a judgment in favor of the plaintiff, entered in the County Court upon the verdict of a jury, and from an order denying a motion for a new trial, made upon the minutes of the justice before whom the action was tried.

This action was on an award of arbitrators. The court at General Term said : " The bond of submission was that the award should be in writing under the hands of the arbitrators, or any two of them, and ready to be delivered to the parties on a certain day, and it was so made and ready. The point relied upon by the defendant on the trial, was that the arbitrators were not sworn in pursuance of the requirements of the Revised Statutes, and it is undenied that they were not so sworn. Both parties were present before the arbitrators, and made no request to have them sworn, and proceeded to the trial before them, with full knowledge that no oath had been taken. This conduct of the parties must be construed as a waiver of the oath. The jurisdiction of the arbitrators is derived from the submission, and the absence of an oath is an irregularity merely. (*Howard* v. *Sexton*, 1 Denio, 440; *S. C.*, 4 Comst., 157; *Day* v. *Hammond*, 57 N. Y., 479.)"

Judgment affirmed, with costs.

*H. D. Birdsall*, for the appellant.

*Fisher, Hurd & Voltz*, for the respondent.

Opinion by DYKMAN, J. ; BARNARD, P. J., and GILBERT, J., concurred.

Judgment of County Court and order denying new trial affirmed, with costs.